**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| PORTABLE SOLAR, LLC dba SOL-ARK, a Texas limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>LION ENERGY, LLC, a Utah limited liability company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY OR, IN THE ALTERNATIVE, TO JOIN A NECESSARY PARTY<br><br>Case No. 2:22-CV-00026-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Lion Energy, LLC's ("Defendant") motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(7), (19), Plaintiff Portable Solar, LLC dba Sol-Ark's ("Plaintiff") case for failure to join an indispensable party or, in the alternative, to join a necessary party. The court held a hearing on the motion on July 21, 2022. At the hearing, Defendant was represented by Matthew M. Boley. Plaintiff was represented by Christopher M. Von Maack and Christopher E. Thorsen. The court has carefully considered the materials submitted by the parties, the arguments made by counsel at the hearing, and the law and facts relating to this matter. Now being fully advised, the court renders the following Memorandum Decision and Order.

### BACKGROUND

Plaintiff filed its Complaint in this case on January 10, 2022. In the Complaint, Plaintiff asserts that it develops, markets, and sells solar battery technology, including storage string inverter products, which connect to a series or 'string' of solar panels and convert the power

1

from Direct Current (DC) into Alternate Current (AC) electricity, and that it markets and sells its products across the United States, including in Utah County, Utah. Plaintiff also asserts that, in or about 2018, it entered into a Non-Compete Agreement with NingBo Deye Inverter Technology Co. Ltd. ("Deye"), and that, pursuant thereto, Plaintiff had exclusive rights in the United States and Canada (the "Territory") to market and sell Deye's storage string inverter products and technology (collectively, the "Technology"). Defendant submits that the Non-Compete Agreement was merged, through a comprehensive integration clause, into Plaintiff and Deye's later Distribution Agreement regarding the Technology. (agreements collectively, the "Agreements").

Plaintiff states in its Complaint that "[o]n July 17, 2020, Deye sent a document titled 'Statement Letter' to its client base, which document stated 'that Deye Energy Storage Inverter has an exclusive agent in the United States/Canada/Puerto Rico, and Deye prohibits any direct or indirect sales of energy storage inverters in the agent area,'" and Plaintiff asserts that Defendant received a copy of the letter. According to Plaintiff, Defendant sells solar energy products using the Technology, and the Non-Compete Agreement prohibited Deye from selling the Technology to Defendant. Plaintiff sent letters to Defendant on March 10, April 19, and November 12, 2021, notifying Defendant of Plaintiff's purported exclusive right to sell Deye's products in the Territory and demanding that Defendant cease using the purported Technology.

Plaintiff now alleges that Defendant has continued to market and offer the Technology for sale in the Territory. As a result, Plaintiff brought a single claim for relief in this present action against Defendant for intentional interference with economic relations. Defendant has moved to dismiss this case for failure to join Deye, Defendant argues that Deye is a necessary party to this case that cannot feasibly be joined, but is also indispensable.

**DISCUSSION**

    **I.    Standard**

Under Fed. R. Civ. P. 12(b)(7), the party moving for dismissal based on failure to join an indispensable party bears the burden of persuasion. *See Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996). For such a motion, the court accepts all the factual allegations in the complaint as true, and draws inferences in favor of the nonmoving party. *Pay Tel Commc'ns v. Lattice Inc.*, 2020 WL 6048806, at *2 (D.S.C. Oct. 9, 2020). Generally, federal courts only order dismissal based on nonjoinder "when the defect cannot be cured and serious prejudice or inefficiency will result." *RPR & Assocs. v. O'Brien/Atkins Assocs., P.A.*, 921 F. Supp. 1457, 1463 (M.D.N.C. 1995), *aff'd*, 103 F.3d 120 (4th Cir. 1996).

    **II.    Whether Deye Is An Indispensable Party**

Defendant argues in the present motion for the dismissal of this case based on the nonjoinder of Deye – the nonparty that Defendant believes is indispensable because it is a signatory to the Agreements. In the Tenth Circuit, courts use a two-step process to determine whether a suit must be dismissed for nonjoinder. *See Rishell*, 94 F.3d at 1411. First, the court must determine, under Fed. R. Civ. P. 19(a), whether a party is necessary and therefore required to be joined if feasible. Second, if the party is necessary but cannot but joined, the court must determine, under Fed. R. Civ. P. 19(b), whether that party is indispensable. "If so, the suit must be dismissed." *Id*.

At step one, to determine whether a party is necessary to a suit, the court must consider the following factors: "(1) whether complete relief would be available to the parties already in the suit, (2) whether the absent party has an interest related to the suit which as a practical matter would be impaired, and (3) whether a party already in the suit would be subjected to a substantial

risk of multiple or inconsistent obligations." *Id.*; *see also* Fed. R. Civ. P. 19(a). When the suit involves a contract in some manner, Fed. R. Civ. P. 19 requires the joinder of a nonparty to the suit if "(1) a nonparty's rights or obligations under an existing contract would necessarily be implicated; or (2) a defendant would be held liable for contractual breaches committed by a nonparty signatory." *Pay Tel*, 2020 WL 6048806, at *4; *see also Wolf Mountain Resorts, LC v. Talisker Corp.*, 2008 WL 65409, at *3-4 (D. Utah Jan. 4, 2008).

      Crucially here, the court must consider whether Deye has an interest related to this suit – which as a practical matter would be impaired if Deye were not joined. More specifically, the court must determine whether Deye's rights or obligations under an existing contract would necessarily be implicated, or whether Defendant would be held liable for contractual breaches committed by Deye. The parties have spent much time arguing over whether Deye's interests in the Agreements will be implicated, whether case law does or does not support requiring the joinder of Deye to the interference claim since it is a signatory to the Agreements, and so on. While these arguments are well-taken, the court finds that they are premature.

      There is no bright-line rule that a tortious interference plaintiff must also name the other party to the contract with which the defendant interfered, but it is clear that in such tortious interference cases the court must determine if an absent party is necessary by evaluating whether the absent party's rights or obligations under an existing contract have necessarily become implicated. *See Pay Tel*, 2020 WL 6048806, at *4. The following cases that the parties used in their arguments highlight this well. In *Wolf Mountain Resorts*, the court determined that the absent party was necessary because the plaintiff sought a declaration that the absentee's assignment of the subject contract was null and void. 2008 WL 65409, at *2-3. In *Fiscus v. Combus Fina. AG*, the court concluded that the absent parties who entered into the subject

4

contract were necessary to adjudicate the plaintiff's claim that those absent parties breached the contract. 2007 WL 4164388, at *5 (D.N.J. Nov. 20, 2007). In *Downing v. Globe Direct LLC*, the court determined that the state of Massachusetts was a necessary party because an adjudication of the plaintiff's claims invalidated a contract to which Massachusetts was a party. 806 F. Supp. 2d 461, 467 (D. Mass. 2011). In *Corsi v. Eagle Publishing, Inc.*, plaintiffs attempted to avoided contractually mandatory arbitration provisions with a publishing house by instead bringing claims for tortious interference against the parent of the publishing house. 2008 WL 239581, at *1 (D.D.C. Jan. 30, 2008). The *Corsi* court denied this tactic and found that the findings involving these contracts would necessarily affect the publishing house's rights. *Id*.

Like the cases above, the court must evaluate the facts of this case to determine if the absent signatory party – Deye – has contractual rights or obligations that have necessarily become implicated. However, based on the presented particulars of this case thus far, the court finds that it does not at this time have sufficient information to make this determination.

Defendant has repeatedly argued that this case hinges on the Agreements and that the court will have to determine validity, as well as interpret and construe terms of the Agreements. Defendant asserts that the Agreements are ambiguous in relevant sections and that Defendant will likely need information from Deye, including parole evidence, in order to defend itself properly. On the other hand, Plaintiff has not made any contract claims in this case, and Plaintiff seeks only money damages for its sole tort claim against Defendant for interference. Plaintiff contends that Deye's rights are not implicated whatsoever – that all the court must do is acknowledge the existence of the contracts and then evaluate whether Defendant committed a tort by persuading Deye to breach the contract.

At this juncture, these arguments are too broad and speculative for the court to make a fair and just determination as to whether Deye's rights or obligations are necessarily implicated in this suit. Therefore, the court is unable to thoroughly analyze whether Deye is a necessary party. Since the court cannot make this key decision at this time, the court concludes that it must deny the present motion. However, the court acknowledges circumstances might change as litigation progresses, so the motion will be dismissed without prejudice.

## CONCLUSION

Based on the above reasoning, the court DENIES without prejudice Defendant's motion to dismiss for failure to join an indispensable party or, in the alternative, to join a necessary party.

DATED this 8th day of August, 2022.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge